IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY SAMORA,

      Plaintiff,

v.                                        1:14-cv-00684-MV-LF

ERASMO BRAVO, et al.,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on petitioner Michael Samora's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 14), filed October 9, 2014.  Respondents filed their response to the petition on October 31, 2014.  Doc. 15.  Samora did not file a reply, and the time to do so has long passed.  United States District Judge Martha Vasquez referred the claims raised in the petition to me to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  Doc. 17. Having considered the parties' submissions, the relevant law, and the record in this case, I conclude that Samora has submitted both exhausted and unexhausted claims in his federal habeas petition.  Thus, his application must be treated as a mixed petition.  For the reasons discussed below, I recommend that Samora be given fourteen (14) days after an order adopting the Proposed Findings and Recommended Disposition ("PFRD") to file an amended petition.  If he does not do so, I recommend that his entire petition be dismissed without prejudice.

## I.      Procedural Background

On March 25, 2008, a jury in the Second Judicial District Court, Bernalillo County, convicted Samora of first-degree murder, third-degree robbery, misdemeanor battery against a household member, and third-degree tampering with evidence.  Doc. 15 at 2; Doc. 15-1 at 1–2 (Exh. A).  On April 18, 2008, the state court sentenced Samora to a term of life imprisonment plus six years, to be followed by a five-year term of parole.  Doc. 15 at 2; Doc. 15-1 at 2 (Exh. A).[1]

### A.   State Habeas Petition

On February 24, 2009, Samora filed a pro se petition for writ of habeas corpus in the state district court.  Doc. 15-1 at 4–13 (Exh. B).  In this petition, he argued that:

- A conflict of interest existed as a result of Daniel Salazar representing him in, and Judge Kenneth H. Martinez presiding over, the criminal trial because Samora had sued both Mr. Salazar and Judge Martinez for 42 U.S.C. § 1983 violations (*id.* at 6, 8, 10);

- Liane Kerr, one of several attorneys who represented Samora prior to Mr. Salazar's representation, had, for various reasons, been ineffective (*id.* at 6–7);

- Judge Martinez rushed the jury to reach a verdict (*id.* at 6);

- The "defense had no professional/for[e]nsic DNA testing" conducted (*id.* at 7);

- Because of delays in bringing him to trial, Samora's alibi witness was "no longer found" (*id.*);

- The defense was hampered by Mr. Salazar's limited preparation time (*id.* at 7–8).

---

[1] Samora filed his first federal habeas petition in this Court on November 8, 2007—prior to his state court trial even beginning on March 12, 2008.  *See Samora v. State of New Mexico*, No. 07-cv-1171 BB/DJS (D.N.M. Nov. 8, 2007).  Samora then filed a second habeas petition in this Court:  *Samora v. Horton*, No. 08-cv-754 MV/LFG (D.N.M. Aug. 15, 2008).  The Court consolidated the cases and dismissed them for failure to exhaust state court remedies.  *See* Doc. 15 in No. 08-cv-754 MV/LFG.

On February 24, 2009, the state district court summarily dismissed the petition.  Doc. 15-1 at 36–37 (Exh. C).  Samora did not petition for a writ of certiorari to the New Mexico Supreme Court; therefore, he did not properly exhaust the claims raised in his state habeas petition.

### B.  Direct Appeal to the New Mexico Supreme Court

On May 20, 2010, Samora's trial attorney, Daniel Salazar, filed a notice of appeal.  Doc. 15-1 at 38 (Exh. D).  On September 13, 2010, the New Mexico Appellate Public Defender's Office filed a motion to compel trial counsel to prepare and file a statement of issues with the New Mexico Supreme Court.  Doc. 15-1 at 57–58 (Exh. F).  The New Mexico Supreme Court ordered trial counsel to submit the statement of issues and granted a motion to accept it as timely filed.  Doc. 15-1 at 59–60 (Exhs. G–H).[2]

Samora made the following claims of error in his direct appeal to the New Mexico Supreme Court:

- Samora was denied a fair trial when a Spanish-speaking prospective juror, for whom an interpreter was not provided, was excused for cause (Doc. 15-2 at 10–16);

- The trial court should have sanctioned the state for its late disclosure of DNA evidence (*id.* at 16–17);

- The trial court's denial of Samora's motion for a new trial deprived him of his Sixth Amendment right to counsel (*id.* at 17–19);

- The trial court should have declared a mistrial after one of the state's witnesses testified he saw "brain matter" on Samora's shoe, in violation of a court order prohibiting him from doing so (*id.* at 19–20);

- Ineffective assistance of counsel by attorney Daniel Salazar (*id.* at 20–22);

---

[2] If the state court "grants the criminal defendant the right to file an out-of-time direct appeal . . . before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."  *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009); *see also Orange v. Calbone*, 318 F.3d 1167, 1173 (10th Cir. 2003).  In such a case, finality occurs at "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."  *Jimenez*, 555 U.S. at 121.

- Samora was denied his Sixth Amendment right to a speedy trial (*id.* at 22–25); and

- Cumulative error (*id.* at 25–26).

*See generally* Doc. 15-2 at 1–26 (Exh. J).

On August 12, 2013, the New Mexico Supreme Court affirmed Samora's conviction. Doc. 15-3 at 2–11 (Exh. M).  The New Mexico Supreme Court held that there was no fundamental error in the trial court's excusing the Spanish-speaking juror and that Samora's remaining issues were "insubstantial" and without merit.  *Id.* at 6.

Samora filed a petition for federal habeas relief with this Court on August 4, 2014.  Doc. 1.  However, his initial application was on a form used to attack a state detainer.  *Id.* Respondents moved for an order requiring Samora to file an amended petition on Standard Form A0-241 (Doc. 11), which the Court granted (Doc. 12).  Samora filed his amended petition for 2254 relief on October 9, 2014.  Doc. 14.  Respondents filed their answer on October 31, 2014. Doc. 15.

## II.   Petitioner's Section 2254 Claims

While Samora's petition is not a model of clarity, I read it as raising the following grounds for relief:

1. Improper excusal of the Spanish-speaking juror (Doc. 14 at 7);

2. State's alleged late discovery disclosures (*id.* at 7, 8);

3. Fact that jury heard the "brain matter" testimony, and the trial court did not grant a mistrial after testimony (*id.* at 7, 8–9);

4. Speedy trial violations (*id.* at 9–10);

5. Attorney Daniel Salazar was ineffective for:

   a.  Having insufficient time to prepare for trial (*id.* at 11, 12);

4

     b.   Failing to secure a DNA expert (*id.* at 11);

     c.   Failing to locate an alibi witness (*id.* at 11);

     d.   Failing to raise illegal search and seizure as a defense (*id.* at 13);[3]

6.   The trial judge forced Samora to proceed pro se (*id.* at 10, 16);

7.   Unnecessary delay in filing his appeal to the New Mexico Supreme Court *(id.* at 15);

8.   The trial judge was biased (*id*. at 16).

     Respondents contend that Samora has filed a mixed petition, containing both exhausted and unexhausted claims.  Doc. 15 at 1.  They contend that Samora has properly exhausted claims (1), (2), (3), (4), (5)(a) and (5)(b) through the state courts.  *See* Doc. 15 at 7.  They also contend that Samora has not exhausted claims (5)(d), (6), or (7) because he did not present them to the state courts.  Doc. 15 at 7–8.  Respondents further contend that claims (5)(c) and (8) are procedurally defaulted because he raised them in his state habeas petition, but failed to petition for certiorari to the New Mexico Supreme Court after the state court denied relief.  *Id.* Respondents are not opposed to this Court addressing the mixed petition by allowing Samora to either dismiss his petition without prejudice in order to exhaust his state court remedies, or to delete the unexhausted claims and proceed with only those claims that he has properly exhausted.  Doc. 15 at 12.

---

[3] Samora claims that the investigating officers illegally entered and searched his home.  Doc. 14 at 12.  He later states that he wishes to argue "ineffective assistance of counsel based on Fourth Amendment issue," citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986).  *Id.* at 13.  Fourth Amendment claims are generally non-cognizable in federal habeas actions, as long as the state provided a "full and fair" opportunity to litigate these claims.  *Stone v. Powell*, 428 U.S. 465, 494 (1976).  Claims that counsel was ineffective for failing to raise Fourth Amendment issues, however, are cognizable in federal habeas actions.  *See Kimmelman*, 477 U.S. at 382–83.  Therefore, liberally construing Samora's pro se petition to raise a cognizable claim, I read his Fourth Amendment claim as a sub-claim of his ineffective assistance of counsel claim.

III.    **Exhaustion of State Court Remedies**

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation marks omitted).  A federal issue is exhausted if it "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).  In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings.  *Demarest*, 130 F.3d at 932 (citation and quotation marks omitted).  While a petitioner may present "bits of evidence" to a federal court that were not presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts."  *Id.* (citation and quotation marks omitted).  The exhaustion requirement applies to both unexhausted claims, and portions of claims.  *Jernigan v. Jaramillo*, 436 F. App'x 852, 855–56 (10th Cir. 2011) (unpublished).

Habeas petitions that contain both exhausted and unexhausted claims are called "mixed petitions."  *Pliler v. Ford*, 542 U.S. 225, 227 (2004).  Samora has filed a mixed petition. Samora's petition contains six exhausted claims:  (1) improper excusal of the Spanish-speaking

juror; (2) the state's alleged late discovery disclosures; (3) the fact that jury heard the "brain matter" testimony and the trial court did not grant a mistrial after testimony came out; (4) speedy trial violations; (5)(a) attorney Daniel Salazar was ineffective for not having sufficient time to prepare for trial; and (5)(b) was ineffective for failing to secure a DNA expert. Samora fairly presented these claims to the state courts in his direct appeal of his conviction. *See* Doc. 15-2 at 1–26 (Exh. J); Doc. 15-3 at 2–12 (Exh. M).

Samora's petition contains three unexhausted claims: (5)(d) attorney Daniel Salazar was ineffective for failing to raise illegal search and seizure as a defense; (6) the trial judge forced Samora to proceed pro se; and (7) unnecessary delay in filing his appeal to the New Mexico Supreme Court. Samora raised these claims for the first time in his federal habeas petition. He did not raise them in either his state habeas petition or his direct appeal. Thus, Samora has failed to "fairly present [these] claims to the state courts" as required. *See Demarest*, 130 F.3d at 932.

Samora's petition contains two procedurally defaulted claims: (5)(c) attorney Daniel Salazar was ineffective for failing to locate an alibi witness, and (8) the trial judge was biased. These claims are "technically exhausted" but "procedurally defaulted,"[4] and this Court only can consider them in narrow circumstances, discussed below. Samora raised both of these issues in his state habeas petition, but failed to appeal the district court's denial of relief. New Mexico procedural rules prohibit him from doing so now. To properly exhaust these claims through the state courts, Samora was required to petition for certiorari to the New Mexico Supreme Court

---

[4] "In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability. Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted . . . but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006) (citations omitted).

within 30 days.  *See* Rule 12-501(B) NMRA.  Because he did not do so, these claims are

procedurally defaulted.

## IV.     Mixed Petition

As discussed above, Samora has filed a mixed petition containing both exhausted and

unexhausted claims.  This Court has limited options when presented with a mixed petition:

> (1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it
> in abeyance while the petitioner returns to state court to raise his unexhausted
> claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and
> proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement
> altogether and deny the petition on the merits if none of the petitioner's claims has
> any merit . . . .

*Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

I do not recommend dismissal of the mixed petition in its entirety.  Those in custody

pursuant to the judgment of a state court have a one-year statute of limitations to file a federal

habeas claim.  *See* 28 U.S.C. § 2244(d).  Federal habeas petitions do not toll the limitations

period.  *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).  If the Court were to dismiss the

instant habeas petition to allow Samora to exhaust his claims in state court, his application would

be time-barred were he to try to return to federal court.  *See, e.g., Rhines v. Weber*, 544 U.S. 269,

274–75 (2005) ("Although the limitations period is tolled during the pendency of a 'properly

filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a

petition for habeas corpus in federal court does not toll the statute of limitations.") (*citing*

*Duncan*, 533 U.S. at 181–82).  Thus, dismissing Samora's petition would push this case well past

the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case.  This

method is only available if petitioner can:  (1) show good cause for failing to exhaust his claims

in state court; and (2) show that his unexhausted claims are not "plainly meritless."  *Rhines*, 544

U.S. at 277.  Samora has presented no argument that there is "good cause" to excuse his failure to present his unexhausted claims to the state court, and nothing in the pleadings before the Court points to the existence of the requisite good cause.

For the foregoing reasons, I recommend the Court allow Samora to dismiss the unexhausted claims and proceed with the exhausted claims.  Respondents do not object to this process.  *See* Doc. 15 at 12.

### V.   Procedural Default

In general, "when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued."  *Demarest*, 130 F.3d at 939 (citation omitted).  However, if the state court would not entertain the petitioner's unexhausted claims because of a procedural bar, "there is a procedural default for the purpose of federal habeas review."[5]  *Id.*  Procedural default occurs only if the state court would refuse to hear the claim based on an "independent and adequate state procedural ground."  *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999).  To be independent, a state ground must "rely on state law rather than federal law."  *Id.*  To be adequate, a state ground must be "strictly or regularly followed and applied evenhandedly to all similar claims."  *Id.* (citation and quotation marks omitted); *see also Walker v. Martin*, 562 U.S. 307, 316 (2011) (state grounds must be "firmly established and regularly followed" to be adequate).  A claim is procedurally defaulted for purposes of federal habeas review if the petitioner does not obtain timely review of a state district court habeas ruling from the New Mexico Supreme Court.

---

[5] A federal court may apply an "anticipatory procedural bar" to "an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."  *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002).

*Watson v. New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995); *Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993).

A federal court will not consider the merits of procedurally defaulted claims unless:

(1) "the petitioner can demonstrate cause **and** prejudice,"[6] **or**

(2) the petitioner can demonstrate a "fundamental miscarriage of justice" if his claims are not heard,[7]**or**

(3) the Court determines that the claims can more easily be resolved on the merits.[8]

Some of Samora's unexhausted claims—(5)(d) (illegal search and seizure); (6) (trial court forcing him to proceed pro se); and (7) (unnecessary delay in filing his appeal)—are not procedurally defaulted. Samora may be able to raise these claims in a second state habeas petition. There is no statute of limitations in New Mexico that would prevent him from filing a second habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 195, 164 P.3d 72, 76. Ordinarily, "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, 5 F. App'x 831, 833 (10th Cir. 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting *State v. Gillihan*, 1974-NMSC-060, ¶10, 86 N.M. 439, 440, 524 P.2d 1335, 1336. However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id.* (citing *Gillihan*, 1974-NMSC-060, ¶11, 86 N.M. 439, 440, 524 P.2d 1335, 1336). Thus, New Mexico courts may

---

[6] *Smallwood v. Gibson*, 191 F.3d. 1257, 1268 (10th Cir. 1999).

[7] *Id*.

[8] *See* 28 U.S.C. § 2254(b)(2) (providing that a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state remedies), *see also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could more easily and succinctly be resolved on the merits).

find that Samora's unexhausted claims are not precluded from review under the doctrine of fundamental error.  Because there still is a possibility of state review of these claims, in the interest of comity, the Court finds that these claims are not procedurally defaulted.  *See, e.g., Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"); *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

Samora's claims (5)(c) (failing to locate an alibi) and (8) (bias of the trial court judge) are procedurally defaulted.  Samora raised both of these claims in his state habeas petition, and the state district court denied relief.  Doc. 15-1 at 4–13 (Exh. B); Doc. 15-1 at 36–37 (Exh. C). Under New Mexico's procedural rules, a petitioner has 30 days after the state district court denies a habeas petition to petition for a writ of certiorari with the New Mexico Supreme Court. *See* Rule 12-501(B) NMRA.  Samora did not do this.  *See* Doc. 15-3 at 13–27 (Exh. O) (docket sheet for Samora's state case dated October 29, 2014, showing no petition for certiorari to the New Mexico Supreme Court after his state habeas petition was summarily denied on February

11

24, 2009).[9]  Therefore, claims (5)(c) and (8) are procedurally defaulted for purposes of federal

habeas review and should not be considered by this Court unless Samora can demonstrate cause

*and* prejudice for failing to comply with the state's procedural rules *or* a fundamental

miscarriage of justice, *see Smallwood*, 191 F.3d at 1268, *or* if the Court determines that the

claims can be easily resolved on the merits, *see* 28 U.S.C. § 2254(b)(2); *Romero*, 215 F.3d at

1111.

       To show "cause" for failing to comply with a state's procedural rules, a petitioner must

show that "some objective factor external to the defense impeded his compliance with New

Mexico's procedural rules." *Watson v. State of New Mexico*, 45 F.3d 385, 388 (10th Cir. 1995)

(citations and quotation marks omitted).  Samora has made no such allegation or showing.  To

demonstrate a "fundamental miscarriage of justice," a petitioner must make "a colorable showing

of factual innocence." *Demarest*, 130 F.3d at 941 (citation omitted).  A claim of factual

innocence requires a petitioner to "support his allegations of constitutional error with new

reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence—that was not presented at trial." *Frost v. Pryor*, 749 F.3d

1212, 1232 (10th Cir. 2014) (citation and quotation omitted).  This evidence must be so

convincing that—had it been introduced at trial—no reasonable juror would find the petitioner

guilty.  *Id.*  Samora has submitted no new evidence and has failed to make any showing of

factual innocence.  His procedurally defaulted claims therefore cannot proceed under the

"fundamental miscarriage of justice" test.  In addition, I find that claims (5)(c) and (8) cannot be

easily disposed of on the merits.  Therefore, I find that Samora's failure to timely file a petition

---

[9] On May 23, 2016, the Court looked at the online docket sheet from Samora's state case, which
still showed no petition for certiorari filed with the New Mexico Supreme Court.  *See Binford v.
United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (court may take judicial notice of facts
that are a matter of public record).

of certiorari is not excused, and that claims (5)(c) and (8) are procedurally defaulted and should not be considered by this Court.

## RECOMMENDED DISPOSITION

For the reasons above, I recommend the Court allow Samora to amend his petition to include only his exhausted claims.  If Samora chooses not to amend his petition, I recommend that the Court dismiss his petition in its entirety without prejudice.  If Samora chooses not to amend his petition, he should bear in mind that the one-year statute of limitations applies to all of the grounds in his petition, and any future federal habeas petitions likely would be time barred.

Samora has not exhausted the following claims, and this Court should not address them as part of his current federal habeas petition:  (5)(d) attorney Daniel Salazar was ineffective for failing to raise illegal search and seizure as a defense; (6) the trial judge forced Samora to proceed pro se; (7) unnecessary delay in filing his appeal to the New Mexico Supreme Court. Samora may be able to file a second state habeas petition for these claims if he is able to persuade the state court that they constitute fundamental error.

The following claims are procedurally defaulted, and the Court should not address them as part of his current federal habeas petition:  (5)(c) attorney Daniel Salazar was ineffective for failing to locate an alibi witness, and (8) the trial judge was biased.  Samora has failed to meet any of the narrow exceptions which would permit this Court to consider these procedurally defaulted claims.

Samora has exhausted the following claims:  (1) improper excusal of the Spanish-speaking juror; (2) the state's alleged late discovery disclosures; (3) the fact that jury heard the "brain matter" testimony, and the trial court did not grant a mistrial as a result; (4) speedy trial violations; (5)(a) attorney Daniel Salazar was ineffective for not having sufficient time to prepare

13

for trial; (5)(b) attorney Daniel Salazar was ineffective for failing to secure a DNA expert.  If Samora wishes to proceed with the underlying petition based solely on the exhausted claims, he must file an amended petition that includes **only these claims**.  He must file this amended petition within 14 days of an order adopting the Proposed Findings and Recommended Disposition ("PFRD").  If he fails to timely file an amended petition, I recommend that the Court dismiss his entire petition without prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

Laura Fashing
United States Magistrate Judge