IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY SAMORA,

    Plaintiff,

v.                                                            1:14-cv-00684-MV-LF

ERASMO BRAVO,

    Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 18) and petitioner Michael Anthony Samora's objections to the PFRD (Doc. 19)[1]. Having reviewed the record in this case, the Court overrules Mr. Samora's objections, adopts the magistrate judge's recommendations, and grants Mr. Samora 14 days to file an amended petition if he wishes to proceed with his exhausted claims.

**I.     Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court generally will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* FED. R. CIV. P. 72(b)(3).  However, to preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances,*

---

[1] Objections to the PFRD were due by June 9, 2016.  Doc. 18 at 14.  While Mr. Samora's objections were not received by this Court until June 10, 2016, Mr. Samora certified to the Court that he mailed his objections on June 3, 2016.  The Court accepts his objections as timely.

*Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ." *Id*. "Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." *Id*. (internal citation omitted).

**II.    Discussion**

In the PFRD, the magistrate judge found that Mr. Samora had filed a mixed petition containing both exhausted and unexhausted claims. This Court cannot consider unexhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). In addition, this Court has limited options when presented with a mixed petition. It may:

> (1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

*Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted). The magistrate judge found that dismissing the petition in its entirety would push this case past the one-year statute of limitations for federal habeas claims, *see* 28 U.S.C. § 2244(d), and that a "stay and abeyance" was not appropriate in this case. *See* Doc. 18 at 8–9. The magistrate judge therefore recommended the Court allow Mr. Samora to dismiss his unexhausted claims and proceed with his exhausted claims. *See id.* at 9.

The magistrate judge found that Mr. Samora failed to exhaust the following claims and recommended that this Court decline to address them: (5)(d) attorney Daniel Salazar was ineffective for failing to raise illegal search and seizure as a defense; (6) the trial judge forced Mr. Samora to proceed pro se; and (7) unnecessary delay in filing his appeal to the New Mexico

Supreme Court.  The magistrate judge found that Samora may be able to file a second state habeas petition for these claims if he is able to persuade the state court that they constitute fundamental error.  In his objections, Mr. Samora merely reiterates the claims in his amended petition.  Doc. 19 at 3–5.  Mr. Samora, however, offers no legal or factual challenge to the magistrate judge's finding that these claims are unexhausted.

The magistrate judge also found that Mr. Samora failed to exhaust the following procedurally defaulted claims:  (5)(c) attorney Daniel Salazar was ineffective for failing to locate an alibi witness, and (8) the trial judge was biased.  This Court can only consider procedurally defaulted claims if the petitioner can demonstrate cause and prejudice, or if the petitioner can demonstrate a "fundamental miscarriage of justice" if his claims are not heard, *Smallwood v. Gibson*, 191 F.3d. 1257, 1268 (10th Cir. 1999), or if the Court determines that the claims can more easily be resolved on the merits, *see* 28 U.S.C. § 2254(b)(2).  The magistrate judge found that Mr. Samora failed to meet any of the narrow exceptions which would permit this Court to consider these procedurally defaulted claims.  In his objections, Mr. Samora once again reiterates his claims, but fails to argue that any of the exceptions apply to his procedurally defaulted claims.  *See* Doc. 19 at 1–2, 4, 6.

In his objections, Mr. Samora asks the Court to allow him to proceed with all of his unexhausted claims.  *See id.* at 1–2.  However, Mr. Samora raises no legal or factual challenges to the magistrate's PFRD.  Indeed, other than reiterating some of the arguments raised in his amended § 2254 petition (Doc. 14), Mr. Samora's objections state little more than the fact that he objects.  He does not object to any specific findings or recommendations in the magistrate judge's PFRD.  His objections are, therefore, insufficient to preserve any issues for de novo review.

Mr. Samora also requests that an attorney be appointed due to his "lack of understanding of state and federal laws." Doc. 19 at 2.  Requests for appointment of counsel must be made by motion and "must state with particularity the grounds and the relief sought."  *See* D.N.M.LR-Civ. 7.1.

IT IS THEREFORE ORDERED that Mr. Samora's objections (Doc. 19) are overruled and the PFRD (Doc. 18) is ADOPTED by the Court.

IT IS FURTHER ORDERED that Mr. Samora has 14 days to file an amended petition if he wishes to proceed with his exhausted claims.  If Mr. Samora fails to file an amended petition containing **only his exhausted claims** within 14 days, the Court will dismiss his entire petition without prejudice.

The clerk is directed to mail to Petitioner, together with a copy of this Order, a standard form § 2254 petition.  Mr. Samora must take care to only include the following exhausted claims in his amended petition:

(1) improper excusal of the Spanish-speaking juror;

(2) the state's alleged late discovery disclosures;

(3) the fact that the jury heard "brain matter" testimony and did not grant a mistrial;

(4) speedy trial violations;

(5) (a) ineffective assistance of counsel by Daniel Salazar for failing to spend adequate time on Mr. Samora's case; and

(b) ineffective assistance of counsel by Daniel Salazar for failing to secure a DNA expert.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE